| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

Michael McCann, DDS, §
§
    Appellant, §
§
versus §    Civil Action G-14-287
§
Unites States Trustee Judy A. Robbins, §
§
    Appellee. §

IN RE: §
§
Michael McCann, DDS, §    Bankruptcy 15-30299
§
    Debtors. §

# Opinion on Appeal

1. *Introduction.*

Michael McCann filed for Chapter 7 bankruptcy. Within that case, he filed an adversary proceeding against the United States of America asserting that it was illegally trying to collect his taxes. In his original filing he did not include the information required to be included by statute. The bankruptcy court dismissed his petition for cause. Because the bankruptcy court did not abuse its discretion, its dismissal will be affirmed.

2. *Background.*

McCann is a dentist in Brazoria County. He disputes the amount of money he owes to the Internal Revenue Service. He has filed six different bankruptcy cases – each have been dismissed for his deficiencies. In some, he did not file the proper documents with the court. In another, he did not make his promised payments to the plan.

On March 5, 2014, he filed the petition underlying this appeal. He did not file a list of creditors, a statement of financial affairs, a statement of intention, and copies of any payment

advice he had received within 60 days before filing for bankruptcy. As part of the bankruptcy he filed an adversary complaint against the Service for illegally trying to collect taxes, for intentionally inflicting emotional distress, and for "20-plus years of harassment."

Later, he moved for continuances in both cases. The bankruptcy court granted the continuance in the adversary proceeding and denied the continuance for the bankruptcy. The United States Trustee moved to dismiss his petition because it was facially deficient. The motion notified McCann that he needed to respond to it within 21 days or it could be granted. Five days after the deadline, McCann responded to the motion. The next day the bankruptcy court dismissed the case with a 180-day bar to refiling. McCann moved for the court to reconsider the dismissal claiming that it had continued the case and that he had been denied due process. He asked the court to hold a hearing, re-open the case, and admonish the Service. The bankruptcy court denied his motion. McCann appealed – albeit with another facially deficient pleading.

3.  *Review of Dismissal.*

A bankruptcy court may dismiss a case for cause when a debtor does not file the documents required by the bankruptcy code.[1] It requires a debtor to file a list of creditors, a statement of their financial affairs, and copies of all payments advice or other evidence of payment received from the debtor's employer within 60 days before filing for bankruptcy.[2] Because McCann did not file these documents with the court with his petition, the bankruptcy court acted within its discretion when it dismissed his case for cause.

When a bankruptcy court dismisses a case for cause it also may impose a 180-day bar to refiling. The bankruptcy court precluded McCann from refiling until February 8, 2015. Because McCann had filed six other bankruptcy petitions and in them had not supplied the court with even the most basic information needed to maintain a bankruptcy action, the court concludes that the imposed bar to refiling was justified.

On appeal McCann says that the United States did not have jurisdiction and was never his creditor. He also asks the court to address the substance of his dispute with the Service over taxes, harassment, and his land sold at foreclosure. His complaints are misplaced in this forum.

---

[1] 11 U.S.C.A. § 707 (West).

[2] 11 U.S.C. 521(a)(1)(West).

A debtor waives an issue if he does not include it in his statement of issues on appeal.[3] Not only did McCann not properly preserve his objections, he raises new claims that were never mentioned – let alone addressed – in the underlying bankruptcy proceeding. It would be improper for the court to now consider the merits of those claims.

4.   Conclusion.

Because McCann filed a deficient petition, and the bankruptcy court was justified in dismissing his petition for cause and precluding him from refiling for 180-days, the bankruptcy court did not abuse its discretion. The bankruptcy court will be affirmed.

Signed on September 27, 2015, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[3] Zimmerman v. Jenkins ( In re GGM, P.C.) 165 F. 3d 1026, 131-32 (5th Cir. 1999).